IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA TRABUCCO | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY, | : | |
| NOVACARE REHABILITATION (Philadelphia) | : | |
| NOVACARE REHABILITATION (Exton), and | : | |
| DANIEL J. WALKER, MPT | : | NO.  09-448 |

O'NEILL, J.                                                         APRIL   24   , 2009


MEMORANDUM

        Plaintiff filed this action in the Court of Common Pleas of Philadelphia County;

thereafter, defendant UNUM removed it to this Court.  I presently have before me

plaintiff's motion to remand and the UNUM response thereto, in which the other

defendants have joined.  I also have before me UNUM's fully briefed motion to dismiss

and/or summary judgment.[1]

        Count I of the complaint alleges that:

        20.  Defendant, UNUM, required and forced plaintiff to undergo a
        functional capacity evaluation contrary to plaintiff's doctors'
        recommendations and ignoring the knowledge it had about the harm the
        examination could do to plaintiff.

        21.  Defendant, UNUM, by and through their agents, servants, workmen
        and/or employees were careless and negligent in:

                a.  requiring plaintiff to undergo a functional capacity evaluation;
                b.  ignoring plaintiff's communication regarding plaintiff's

---

        [1] There is also pending a fully briefed motion for a more definite statement by the
defendants other than UNUM, a motion that I do not consider in this memorandum.

inability to withstand the rigor of the exam;
c.  breaching their duty of good faith and fair dealing;
d.  failing to use due care;
e.  abandoning its insured;
f.  hiring an incompetent physical therapist to do the exams;
g.  failing to follow its own policy and procedure;
h.  failing to have proper policies and procedure in place;
i.  failing to properly administer and handle plaintiff's claim.

22.  Solely and as a direct result of the carelessness, negligence and other liability producing conduct of defendant, UNUM, plaintiff, Linda Trabucco, sustained serious, severe and permanently disabling injuries . . . .

Count II alleges a cause of action for bad faith on the part of UNUM pursuant to

42 P.S.C.S.A §8371, et seq.

UNUM contends that this Court has subject-matter jurisdiction over this action

because a federal question is presented under the Employee Retirement Income Security

Act of 1974 ("ERISA") and that plaintiff's claims are completely preempted by ERISA.

Plaintiff concedes that the complete preemption doctrine permits removal of causes of

action if they fit within the ERISA civil enforcement provisions.  However, she asserts

that preemption under §514(a) of ERISA does not permit a defendant to remove a suit

where the plaintiff's state claim does not fall within the scope of ERISA's civil remedy

provisions and that this is such a case.

Defendant has the burden of establishing removal jurisdiction.

The following facts are not contested:  the Plan at issue is an ERISA Plan and,

under the Plan, UNUM, the Plan administrator, had the right to direct plaintiff to submit

to a functional capacity evaluation by an independent medical examiner.  Presumably, the

purpose of such an examination is to determine whether a disabled person continues to be

2

entitled to receive disability benefits.

In my view, the issue to be resolved on this motion is governed by the Court of Appeals' decision in <u>Pryzbowski v. U.S. Healthcare, Inc.</u>, 245 F.3d 266 (3d Cir. 2001).

Pryzbowski was enrolled in a health maintenance organization offered by her husband's employer under its employee benefit plan within the terms of ERISA. Plaintiff's physician practice group asked defendant for prior written authorization for a consultation with a neurosurgeon who was not a participant in the plan offered by defendant as required by the plan.  Having received authorization, she then consulted the neurosurgeon who recommended surgery by specialists affiliated with Thomas Jefferson University Hospital also outside of defendant's network.

Pryzbowski filed a six-count complaint against U.S. Healthcare in the Superior Court of New Jersey.  She alleged that defendant "negligently and carelessly delayed in giving its approval for the necessary surgery which the plaintiff . . . urgently needed," causing Pryzbowski severe and permanent injury, emotional distress and future expenses for medical care and treatment; that defendant's delay was arbitrary and capricious and that, by delaying its approval for the surgery, defendant "acted with a willful and wanton disregard for the harm that would likely result to the plaintiff."  The complaint also asserted that defendant's delay in approving the surgery breached its health insurance contract with Pryzbowski; that the delay in surgery approval was "in bad faith" and that defendant breached its duty to "screen, hire, train and employ capable and reasonable individuals . . . to make thoughtful and reasonable decisions as to healthcare."

Defendant removed the action to the District Court of New Jersey, which

3

subsequently held that removal was proper and that it had subject-matter jurisdiction over the claims against defendant because they were completely preempted under §502(a) of ERISA and it dismissed the claims against U.S. Healthcare.

The Court of Appeals affirmed.   It held that "[f]ollowing the decision in [Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987)], there can be no question that 'causes of action within the scope of the civil enforcement provisions of §502(a) [are] removable to federal court.'" Pryzbowski, 245 F.3d at 271, citing Metropolitan Life, 481 U.S. at 66.  The Court noted that, as in the present case, the state court complaint appeared on its face to allege only state causes of action and named as defendants parties who were not completely diverse from plaintiff thereby displaying no obvious basis for removal.  Nevertheless, the Court held that the propriety of removal turned upon whether the case fell within the original federal question jurisdiction of the district courts (in that case and in this one, within ERISA) in which case the complaint would be completely preempted.  Like the present plaintiff, Pryzbowski did not assert that such claims were not completely preempted but that her claims were not removable because they did not fit within §502(a).

The Court held that:

> Counts One through Five of Pryzbowski's complaint allege that U.S. Healthcare negligently and carelessly delayed approval of her surgery with Dr. Barolat, acted in an arbitrary and capricious manner in doing the same, acted in willful and wanton disregard of her health, acted in bad faith, and breached her health insurance contract.  Underlying these allegations of delay is the policy adopted by U.S. Healthcare (and many other HMOs) requiring beneficiaries either to use in-network specialists or to obtain approval from the HMO for out-of-network specialists.  These activities fall within the realm of the administration of benefits.

4

> Had Pryzbowski sought to accelerate U.S. Healthcare's approval of
> the use of out-of-network providers, she could have sought an
> injunction under §502(a) to enforce the benefits to which she was
> entitled under the plan, thereby using the provisions of the civil
> enforcement scheme provided by Congress.  There have been
> numerous cases in which the courts have issued preliminary
> injunctions under similar circumstances. . . .
>
> Pryzbowski's final claim against U.S. Healthcare (Count Seven)
> alleges that it failed properly to hire, train, and supervise its
> employees "to make thoughtful and reasonable decisions as to
> healthcare." . . . Although ostensibly directed at the provisions of
> medical treatment, a federal court may "look beyond the face of the
> complaint to determine whether a plaintiff has artfully pleaded his
> suit so as to couch a federal claim in terms of state law." . . . ; cf.
> Franchise Tax Bd., 463 U.S. at 22, 103 S.Ct. 2841 (noting that "a
> plaintiff may not defeat removal [to federal court] by omitting to
> plead necessary federal questions in a complaint").  Inasmuch as
> Pryzbowski has not alleged that U.S. Healthcare or its employees
> engaged in any medical treatment with regard to her, the alleged
> negligence by U.S. Healthcare in the hiring, training, and
> supervising of its employees necessarily concerns the
> administration of her benefits, U.S. Healthcare's only role in this
> case.  It follows that Court Seven is also completely preempted
> under §502(a) of ERISA.

Id. at 273-74.

Plaintiff argues that her complaint alleges medical malpractice and

therefore is not preempted.  Pryzbowski made a similar argument, which the

Court rejected:

> Pryzbowski contends that her claims are analogous to the claims
> made in Dukes and In re U.S. Healthcare, where we held that
> complete preemption was inapplicable and removal improper.  In
> both cases we recognized that the HMO had assumed the dual role
> of an administrator of benefits and a provider of medical services.
> In In re U.S. Healthcare, we held that the HMO's policy to
> discharge newborn infants within 24 hours was essentially
> "medical determinate of the appropriate level of care."  193 F.3d at
> 163.  We also held that the claim that the HMO was negligent in
> failing to provide an in-home visit by a pediatric nurse, despite

5

having given assurances that such a visit would be provided, was directed at the HMO's function as medical provider.  See id. at 164.  Therefore, the plaintiffs' claims alleged medical malpractice and were not completely preempted by ERISA.  In Dukes, the plaintiffs' claims centered on "the low quality of the medical treatment that they actually received."  57 F.3d at 357.  They argued that the HMO was liable under an agency theory and also directly responsible for negligence in selecting, retaining, screening, monitoring and evaluating the personnel who actually provided the medical services.  See id. at 352.  We held that those claims did not involve failure to provide benefits due under the ERISA plan and therefore were not completely preempted.

In the case before us, . . . Pryzbowski's claims against U.S. Healthcare are limited to its delay in approving benefits, conduct falling squarely within administrative function.

Id. at 274-75.

In the present case, plaintiff does not allege that UNUM was a provider of medical services; it was solely a plan administrator and its decision to require plaintiff to submit to an evaluation was "conduct falling squarely within administrative function."  Id. at 274.  Plaintiff's claims could have been the subject of a civil enforcement action under §502(a); i.e. she could have sought an injunction under that section prohibiting defendant from requiring the challenged evaluation.  Thus, the action was properly removed and plaintiff's claims against UNUM have been completely preempted.

Accordingly, I will not grant plaintiff's motion to remand her claims against UNUM but will grant UNUM's motion to dismiss.

Under 28 U.S.C. § 1367(c)(3), it is left to my discretion whether to exercise supplemental jurisdiction over a claim if all federal claims have been dismissed as informed by principles of judicial economy, convenience, fairness,

and comity.  <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726

(1966), holding that "if the federal claims are dismissed before trial, . . . the state

claims should be dismissed."  Having resolved the only federal issue in this case, I

declines to exercise supplemental jurisdiction over the remaining state claims.

Therefore, I will grant plaintiff's motion to remand her state claims to the Court of

Common Pleas.

 An appropriate Order follows.